UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**KENNETH R. BIRDO,**

      **Petitioner,**

**v.**                                             **Civil Action No. 4:24-CV-046-P**

**BOBBY LUMPKIN, Director,**
**TDCJ- CID,**

      **Respondent.**

<u>**OPINION AND ORDER**</u>

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Kenneth R. Birdo ("Birdo"), a state prisoner confined in the Clements Unit of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Birdo, the Court concludes that the § 2254 petition must be dismissed for lack of exhaustion.

**I.     BACKGROUND**

Birdo is in custody pursuant to the judgment and sentence of the Criminal District Court Number One, Tarrant County, Texas, cause number 1733259R, styled *The State of Texas v. Kenneth R Birdo.* CR 135, ECF No. 19-1.[1] Birdo pleaded not guilty to (1) continuous violence against the family and (2) assault against a family member by impeding breath or circulation (occlusion assault). *Id.* at 135, 138. Birdo was tried by a jury, found guilty on both counts, and sentenced by that jury to two terms of forty years on July 6, 2022. *Id.*

---

[1] "CR" refers to the Clerk's Record of documents in Birdo's state court proceedings. The records are on the docket of this case at ECF No. 19-1 pages 1-168.

Birdo appealed and his convictions were affirmed in part and vacated in part by the Second Court of Appeals of Texas on July 20, 2023. *Birdo v. State*, No. 02.22.00142.CR, slip op. (Tex. App. Fort Worth, 2023, no pet.), ECF No. 19-14. Birdo's conviction and sentence for occlusion assault was vacated on the grounds that it violated his right against double jeopardy. *Id.* His conviction for continuous violence against the family was affirmed. *Id.* Birdo did not file a petition for discretionary review with the Texas Court of Criminal Appeals ("TCCA"). Answer (Exhibit A), ECF No. 18.[2]

Birdo filed a state habeas application regarding his conviction that was dismissed for non-compliance with Texas Rules of Appellate Procedure 73.1 on March 27, 2024. SHCR-01 at 20-41, ECF No. 19-18;[3] Answer (Exhibit B), ECF No. 18.[4]

Birdo constructively filed the instant federal writ petition under 28 U.S.C. § 2254 on January 4, 2024. Pet. 15, ECF 1.[5]

## II.    GROUNDS FOR RELIEF

The Court understands Birdo to allege:

1. Violation of his right to due process because one of his victims filed an affidavit of non-prosecution;

---

[2] Exhibit A is an affidavit from the Texas Court of Criminal Appeals explaining that they have no petition for discretionary review on file from Birdo challenging the above conviction.

[3] SHCR-01 refers to the Clerk's Record of state habeas pleadings in *Ex parte Birdo*, No. 95,451-01 (Tex. Crim. App. 2024). The records of this post-conviction proceeding are on the docket of this case at ECF Nos. 19-18, pages 1 through 92.

[4] Exhibit B is an official notice from the Texas Court of Criminal Appeals stating that Birdo's state habeas application was dismissed for non-compliance.

[5] For purposes of determining the applicability of AEDPA, a federal petition is constructively filed on the date it is placed in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Birdo certified that he placed the § 2254 petition in the prison mail on January 4, 2024.

2. Ineffective assistance of trial counsel for failure to investigate or challenge the charges;

3. Ineffective assistance of appellate counsel for failing to properly investigate alleged error at the trial court level, and for failing to inform Birdo of time constraints for filing a Petition for Discretionary Review with the Texas Court of Criminal Appeals;

4. Prosecutorial misconduct for using extraneous crimes to establish two or more assaults in a 12 month period; and,

5. Prosecutorial misconduct for intimidating a witness.

Pet. at 5, 7-8, 10, 17; ECF No. 1.

## III.    RULE 5 STATEMENT

The Respondent contends that Birdo's claims are unexhausted. Answer (citing 28 U.S.C. §§ 2254(b), (c).) Respondent acknowledges that the claims are not subject to the successive petition bar (28 U.S.C. § 2244(b)), and are timely filed under 28 U.S.C. § 2244(d).

## IV.    ANALYSIS - Lack of Exhaustion

### A.    Applicable Law

The exhaustion doctrine requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In order to satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state of Texas. *Richardson*, 762 F.2d at 431. To proceed before that court, a petitioner must either file a petition for discretionary review, Tex. R. App. P. 68.1, or an application for a post-conviction writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 1977 and Vernon Supp.

1998).

All of the grounds raised in a federal application for writ of habeas corpus must have been "fairly presented" to the state courts prior to being presented to the federal courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In other words, in order for a claim to be exhausted, the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his assertions. *Id.* at 275-77. "[I]t is not enough that all of the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Where a "petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." *Id.* at 259 (citing *Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983)). "Exhaustion 'requires a state prisoner to present the state courts with the same claim he urges upon the federal courts.'" *Id.* at 261 (citing *Picard*, 404 U.S. at 276).

Additionally, in order to satisfy the exhaustion requirement, the petitioner must have not only presented his claims to the highest state court, but he must have presented them in a procedurally correct manner. *Castille*, 489 U.S. at 351. When a petitioner raises a claim in a procedural context in which its merits will not be considered, he has not "fairly presented" the claim to the state courts, and, therefore, has not satisfied the statutory exhaustion doctrine. *Id.*; *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).

### B.  Application of Law

Birdo has failed to properly exhaust his claims because they were not raised on direct appeal and in a petition for discretionary review, and Birdo's state application for writ of habeas corpus was dismissed for failure to comply with Texas Rule of Appellate Procedure 73.1. Answer (Exhibits A and B). Thus, Birdo's claims have not been

properly presented in the TCCA for exhaustion purposes. *Id.*; *Richardson*, 762 F.2d at 431; *Carter*, 677 F.2d at 443; 28 U.S.C. § 2254(c).

Therefore, by filing this federal writ of habeas corpus, Birdo has bypassed the state courts and attempted to present original claims to the federal courts before the state court has had the opportunity to review them. Ultimately, Birdo has prevented the state courts from ruling on, and if necessary, correcting, any constitutional errors that might have occurred in this case. *See Castille*, 489 U.S. at 349; *Picard*, 404 U.S. at 275.

Moreover, Birdo fails to allege, and the record does not indicate, that Birdo's failure to exhaust his claims is due to the "absence of available State corrective process," nor to circumstances rendering this process "ineffective to protect the rights of the application." 28 U.S.C. § 2254(b). Thus, state court proceedings are, and will remain, available to Birdo. The Court concludes that Birdo's § 2254 petition must be dismissed without prejudice for failure to exhaust state remedies. *See Rose v.Lundy*, 455 U.S. 509,  522 )1982)("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.")

## V.    CONCLUSION

It is therefore **ORDERED** that Kenneth R. Birdo's petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** without prejudice for failure to exhaust state remedies. Further, pursuant to 28 U.S.C. § 2253(c), for the same reasons discussed herein, a certificate of appealability is **DENIED.**

**SO ORDERED** on this **17th day** of **June 2024.**

Mark T. Pittman
UNITED STATED DISTRICT JUDGE

-5-